624 N.W.2d 903 (2001)
Duane H. BARLOW, Plaintiff-Appellee,
v.
M.J. WATERMAN & ASSOCIATES, INC. and Michael J. Waterman, Defendants-Appellants.
Docket No. 117500, COA No. 206929.
Supreme Court of Michigan.
April 17, 2001.
On order of the Court, the application for leave to appeal from the May 30, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
I would grant leave in this case to consider whether the trial court erred when it denied defendant's directed verdict and judgment notwithstanding the verdict motions in this breach of contract case where: (a) defendant reduced the amount of commission sales payable to plaintiff during an economic slowdown; (b) defendant, shortly after the commission sales reduction, stated orally to plaintiff that he would "try to make things better" for plaintiff; and (c) defendant kept separate track of premodification and postmodification commission sales for all sales employees.
In cases involving oral promises, a contract will be recognized only under circumstances evidencing that both parties intended to be bound; in other words, there must be evidence of mutual assent. Rowe v. Montgomery Ward & Co., Inc., 437 Mich. 627, 636, 473 N.W.2d 268 (1991); Rood v. General Dynamics Corp., 444 Mich. 107, 118, 507 N.W.2d 591 (1993). To determine the existence of mutual assent, this Court uses an objective test, "looking to the expressed words of the parties and their visible acts." Rowe, supra at 640, 473 N.W.2d 268. In analyzing oral statements for contractual implications, the statement must "clearly permit a construction which supports the asserted meaning." Id. at 641, 473 N.W.2d 268. An oral statement that reflects a mere "expression of an optimistic hope" that the condition will be satisfied is not enough. Id. at 640, 473 N.W.2d 268.
In sum, I would grant leave in this case to consider whether the legal principles set forth in Rowe and Rood, supra, have been properly applied here. In my judgment, significant questions of contract law are implicated by the trial court's decision to deny defendant's motions.